**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

JOSE CERDA
4728 Rorer Street
Philadelphia, PA 19121

                    Civil Action No.:

vs.

CITY OF PHILADELPHIA
1515 Arch Street, 14th Floor
Philadelphia, PA 19102

AND

OFFICER GERALD MURPHY
Philadelphia Police Department
One Franklin Square
Philadelphia, PA 19106

## PLAINTIFF'S COMPLAINT

### INTRODUCTION

1. This is an action for monetary damages brought against the City of Philadelphia, and with particularity the Philadelphia Police Department which at all times acted through its agents, servants and police officers, in particular Officer Gerald Murphy ("police officer" or "the officer") for his excessive use of force which caused catastrophic and permanent injuries to the Plaintiff while acting under color of law to violate the individual rights of the Plaintiff under the 4th amendment of the United States Constitution and in violation of his civil rights under 42 USC § 1983.

2. Plaintiff alleges that the City of Philadelphia and its policymakers including the City Counsel, Mayor, Police Commissioner (Collectively, "The City") failed to properly train,

supervise, screen, discipline, transfer, counsel, or otherwise control officers who are known or should have been known to engage in the use of excessive force, in particular those officers who have been repeatedly accused of the use of such force. These policymakers had a duty to implement and enforce policies, practices and procedures for the Police Department and its officers that did not violate the constitutional rights to assistance, protection and due process of the Plaintiff. The failure by the City to adequately supervise and train the police officers or implement necessary policies, and the actual implementation of unconstitutional policies caused the Plaintiff's injuries set forth below.

3. The police officer's actions was consciously unreasonable and in disregard of the rights of the Plaintiff, knowing that the City would approve of and/or ratify their actions.

4. Plaintiff's causes of actions set forth herein seek compensation for the injuries sustained by the Plaintiff as a result of the civil rights violations Plaintiff has suffered.

5. Plaintiff does not seek damages for state law causes of action in this Complaint, damages for which are being litigated in the Philadelphia Court of Common Pleas.

**PARTIES**

6. Plaintiff Jose Cerda ("Plaintiff"), at all times relevant to this Complaint, is and was a resident of the City of Philadelphia and Commonwealth of Pennsylvania.

7. Defendant City of Philadelphia ("The City") is a municipality with an office for service located at 1515 Arch Street, 14th Floor, Philadelphia, POA 19102 and which operates the Philadelphia Police Department which employs the police officers.

8. Defendant, Officer Gerald Murphy Badge #5140 ("Officer Murphy"), at all times pertinent to this Complaint, was and is employed by the City of Philadelphia and the Philadelphia

Police Department as a police officer, acting under the color of state law pursuant to official policy, custom or practice of the Philadelphia Police Department and/or the City of Philadelphia.

## JURISDICTION AND VENUE

9. Jurisdiction exists in this court pursuant to 28 USC § 1331 and 1343 as this action is brought under the Fourth Amendment to the United States Constitution and 42 § 1983 to redress the deprivation of rights, privileges and immunities granted upon Plaintiff by the constitutional and statutory provisions.

10. Venue is proper in this court because all causes of action occurred within the Eastern District of Pennsylvania.

## ALLEGATIONS COMMON TO ALL COUNTS

11. On or about December 9, 2020, Plaintiff was a resident at the property located at 4728 Rorer Street ("premise") in the City and County of Philadelphia, when Officer Wilfredo Murphy and two back up officers responded to a call of a "person with a weapon" at the premise.

12. By way of background, Plaintiff has a long history of mental illness, is a native Spanish speaker, and does not speak English.

13. Upon arrival, Officer Murphy observed Plaintiff with a large knife in his right hand.

14. Officer gave verbal commands to Plaintiff to drop the knife, but Plaintiff did not understand the verbal commands due to not speaking English and/or his mental illness.

15. Officer Murphy had actual and/or constructive knowledge of Plaintiff's mental illness.

16. Officer Murphy had actual and/or constructive knowledge of the fact that Plaintiff did not speak English.

17. Plaintiff advanced towards Officer Murphy with the knife due to the mental health crisis he was experiencing.

18. Officer Murphy was not equipped with a non-lethal device, such as a Taser.

19. Officer discharged his weapon his weapon three times at Plaintiff, resulting in three shots to Plaintiff's body.

20. Plaintiff fell to the floor, his heart stopped, foaming at the mouth, lifeless.

21. As a direct result of the shot, Plaintiff lost consciousness, was not breathing and did not have a pulse, but was still handcuffed by police.

22. Plaintiff was treated by Philadelphia Fire Rescue and transported to Temple University Hospital in critical.

23. His heart had been stopped and was without oxygen to the brain for in excess of 30 minutes.

24. Thereafter Plaintiff was an inpatient at Temple University Hospital for a period of several months where he was monitored under 24-hour surveillance by members of the Philadelphia Police Department.

25. In an effort to cover up their unlawful, excessive, and unauthorized use of police force against the Plaintiff, the Defendants manufactured charges against the Plaintiff, charging him with Aggravated Assault and Possession of an Instrument of Crime, Simple Assault, and Recklessly Endangering another Person.

26. Each of these charges was baseless, and there existed no probable cause for such charges, a fact known to each of these Defendants.

27. These charges were eventually withdrawn by the Philadelphia District Attorney's Office after Defendant went through mental health court.

28. As a result of the aforementioned assault and battery, Plaintiff has suffered both serious mental and physical injuries, including but not limited to cardiac arrest, anoxic brain injury, traumatic brain injury, memory loss, leg dysfunction, severe scarring and disfigurement, post traumatic anxiety and depression, severe damages to his nerves and nervous system, and various other ills and injuries which the Plaintiff yet suffers, and may continue to suffer for an indefinite period of time into the future.

29. As a further result of the aforesaid accident, Plaintiff has been obliged to receive and undergo medical attention and care and to incur various and diverse expenses which the Plaintiff may continue to expend and incur for an indefinite time into the future.

30. As a further result of the aforesaid accident, Plaintiff has suffered or may suffer a severe loss of his earnings and impairment of his earning capacity and power, all of which may continue indefinitely into the future.

31. As a further result of the aforesaid accident, Plaintiff has suffered severe physical pain and trauma, mental upset and anguish and humiliation and may continue to suffer the same for an indefinite time into the future.

32. As a further result of the aforesaid accident, Plaintiff has suffered a diminution of his ability to enjoy life and life's pleasures, all of which may continue indefinitely into the future.

### ACTIONS OF THE PHILADELPHIA POLICE DEPARTMENT

33. In August 2013 the Philadelphia Police Department ("PPD") asked the Department of Justice to investigate the institutional policies and practices that resulted in a high instance of the use of deadly force and police shootings.

34. The report was issued on March 24, 2015.

35. The report found that the PPD's taser or electronic control weapon ("ECW") policy is not detailed enough regarding the circumstances in which the use of the tool should be limited.

36. The report states that the department should update it with additional restrictions that will help limit the potential for misuse and abuse by officers.

37. The report further states that the PPD's use of force chart should clearly illustrate where using and ECW is appropriate or inappropriate.

38. The report also states that the policy should explicitly state which subject behavior that does not permit use of the ECW and should prohibit passive resistance, non compliance, compliance and verbal confrontation.

39. These uses of force would be considered excessive by the department.

40. This incident occurred on December 9, 2020, over 5 years after the report and its recommendations were adopted.

41. The City has failed to adequately implement the DOJ recommendations.

42. The City's failure to properly train, supervise and/or discipline officers, including the Defendant police officers in this action was a substantial factor which caused the injuries and damages which the Plaintiff suffered.

43. The failure of the City – and its decision to implement and enforce their own improper policies and directives was a substantial factor which caused the injuries and damages which the Plaintiff suffered.

44. The City's failure to take appropriate action in response to the DOJ report to ensure the safe and proper use of the ECW substantial factor which caused the injuries and damages which the Plaintiff suffered.

45. The City's failure to control or reduce the inappropriate and excessive use of force by its police officers such as Officer Murphy was a substantial factor which caused the injuries and damages which the Plaintiff suffered.

46. The City has refused to implement proper and safe policies regarding the improper and excessive use of force and in particular the use of the ECW and has refused to discipline officers doing so, and has no disciplined them for covering up the use of unlawful and excessive force by charging the victims of the use of such force with a crime.

47. The officers unlawful and unwarranted acts, their lack of training and the official customs and practices of the PPD were a substantial factor which caused the injuries and damages which the Plaintiff suffered.

48. The City knew of the officers' lack of training, in particular the lack of training of Officer Murphy, and knew of the policy of the PPD to charge victims of assaults by police officers with crimes, but did nothing to protect the Plaintiff or other citizens of the City.

49. As a result of the aforementioned actions and failures, Plaintiff has suffered both serious mental and physical injuries, including but not limited to cardiac arrest, anoxic brain injury, traumatic brain injury, memory loss, leg dysfunction, severe scarring and disfigurement, post traumatic anxiety and depression, severe damages to his nerves and nervous system, and various other ills and injuries which Plaintiff yet suffers, and may continue to suffer for an indefinite period of time into the future.

50. As a further result of the aforesaid actions and failures, Plaintiff has been obliged to receive and undergo medical attention and care and to incur various and diverse expenses which Plaintiff may continue to expend and incur for an indefinite time into the future.

51. As a further result of the aforesaid actions and failures, Plaintiff has suffered or may suffer a severe loss of his earnings and impairment of his earing capacity and power, all of which may continue indefinitely into the future.

52. As a further result of the aforesaid actions and failures, Plaintiff has suffered severe physical pain and trauma, mental upset and anguish and humiliation and may continue to suffer the same for an indefinite time into the future.

53. As a further result of the aforesaid actions and failures, Plaintiff has suffered a diminution of his ability to enjoy life and life's pleasures, all of which may continue indefinitely into the future.

54. As a further result of the aforesaid actions and failures, Plaintiff has suffered a deprivation of his constitutional rights.

<u>**COUNT I**</u>
<u>**42 § U.S.C. 1983 EXCESSIVE FORCE**</u>
<u>**PLAINTIFF V. OFFICER GERALD MURPHY INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY**</u>

55. Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as if set forth herein at length.

56. By the conduct set forth above, Officer Murphy actions as to Plaintiff were wrongful, malicious, and reckless in a manner which deprived the Plaintiff of his constitutional rights as set forth more fully below.

57. Officer Murphy had a duty to avoid unjustified bodily injury to the Plaintiff and others similarly situation, and to respect and not violate his constitutional rights.

58. Officer Murphy's actions acted in an objectively unreasonable manner for a police officer and without justification or the actual need to do so, used excessive force without legal justification.

59. Plaintiff posed no threat to Officer Murphy or any other officer in any objective way and posed no objective immediate threat to the safety of Officer Murphy or any officer, but Officer Murphy still shot Plaintiff 3 times.

60. Officer Murphy's actions were not objectively reasonable because he followed a procedure that fails to properly instruct officers on the proper use of force and the ECW against excessive force in a non-threatening interaction.

61. Officer Murphy's actions violated and denied the Plaintiff his right to be free from the excessive use of force under the 4th Amendment to the United States Constitution.

62. Officer Murphy's use of force was objectively unnecessary, excessive and unreasonable under the circumstances as Plaintiff did not pose an immediate threat to the safety of Officer Murphy or any officer, but Officer Murphy shot him, which was unnecessary under the circumstances.

63. This use of force was excessive, and the action by Officer Murphy was willful, malicious, reckless, and outrageous that was intended to cause injury, and did in fact cause injury as set forth above.

64. These actions and failures were the proximate cause of the injuries and constitutional violations suffered by the Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and/or severally in an amount in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars in compensatory damages and punitive damages, attorney's fees, costs and such other further relief the court shall deem appropriate.

## COUNT II
## 42 § U.S.C. 1983 MONELL CLAIM
## PLAINITFF V. CITY OF PHILADELPHIA

65. Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as if set forth herein at length.

66. Prior to May 21, 2017, the City, and the PPD knew, or should have known that Officer Murphy exhibited a pattern of conduct which included the unlawful and excessive use of force.

67. Officer Murphy was acting under color of law and pursuant to the customs, practices and policies of the City of Philadelphia and the PPD in his use of excessive and unlawful force which was authorized by the City and which deprived the rights and privileges guaranteed to him by the United States Constitution by the failure to provide proper training, adequate supervision or discipline in dealing with individuals similarly situated to the Plaintiff in violation of 42 U.S.C. § 1983 and the above constitutional provisions.

68. The City of Philadelphia and the PPD failed to adequately train its officers on how to use force in response to individuals similarly situated to the Plaintiff.

69. Further, The City of Philadelphia and the PPD failed to adequately train its officers not to fabricate and falsify criminal charges against individuals whom they have used excessive and unlawful force in order to cover up their constitutional violations.

70. These failures reflect a deliberate indifference by the City of Philadelphia, the PPD and its officers to the citizens of the City, including the Plaintiff under 42 § U.S.C. 1983.

71. The City of Philadelphia developed and maintained a policy of deficient training of its police officers in the use of force and dealing with individuals during and arrest.

72. The City's failure to provide adequate training to its officers on how to deal with individuals during and arrest and the subsequent use of force reflects deliberate indifference by the City and reckless and conscious disregard for the obvious risk that police officers would use excessive or force on citizens and made the violations of Plaintiff a virtual certainty.

73. Officer Murphy's actions were the result of the wrongful and reckless customs, policies, practices and/or procedures of which the City knew or should have known, but was never provided with the proper and necessary training.

74. The actions of Officer Murphy were the result of the wrongful and reckless customs, policies, practices and/or procedures of which the City knew or should have known, but was never provided with the proper and necessary training.

75. The City's official policies, practices and customs caused the Plaintiff's harm and constitutional violations which resulted from the conscious disregard to these violations.

76. The City failed to implement or enforce policies, procedures and practices necessary to ensure constitutional rights were not violated.

77. The City's policies, customs, practices and conduct violated the Plaintiff's constitutional rights including their failure to adequately train, supervise, discipline and supervise their officers who committed a wrongful act or used excessive force and attempted to cover up the wrongful act including the pursuit of baseless criminal charges in order to perpetuate said cover-up.

78. The City's policy, custom and practice on the proper use of force was unconstitutional.

79. The City's policy, custom and practice on the charging of a victim of excessive force by a police officer was unconstitutional.

80. Officer Murphy was inadequately trained on how to deal with individuals during an arrest, search, seizure, or citizen encounter and use appropriate measures of force.

81. The use of force against tPlaintiff violated the Plaintiff's constitutional rights as he committed no crime, and was not a threat to any person or police officer.

82. These constitutional violations were carried out pursuant to a policy, pattern, practice, and custom, both formal and informal in the PPD and the City, which violated the constitutional rights of the Plaintiff and persons similarly situated.

83. This policy, pattern, practice, and custom was sanctioned by the City as evidenced by the conduct of the police officers, especially Officer Murphy.

84. The City failed and refused to adopt or implement customs, policies, practices or procedures, and failed to train its officers adequately on the appropriate customs, policies, practices or procedures regarding the appropriate use of force, and the use of the ECW with the knowledge that the City was acting against the clear dictates of current law and that as a direct consequence of their deliberate decisions the Plaintiff suffered injuries as set forth above.

85. Municipal bodies are liable for constitutional violations under 42 § U.S.C. 1983 when an execution of its official policy or custom deprives and individual of its rights protected under the Constitution of the United States. <u>Monell v. Dept. of Soc. Services of City of New York</u>, 436, U.S. 658 (1978).

86. The City had a duty to properly train, supervise and discipline its employees and refrain from the deliberate indifference to the Plaintiff's constitutional rights.

87. The City's failure to properly train, supervise and discipline its officers was the proximate cause of the injuries and constitutional violations suffered by Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendant, City of Philadelphia, jointly and/or severally in an amount in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars in compensatory damages and punitive damages, attorney's fees, costs and such other further relief the court shall deem appropriate.

**THE IGWE FIRM, LLC**

By: /s/ Emeka Igwe, Esquire
EMEKA IGWE, ESQUIRE
Attorney ID:   200334
1500 John F. Kennedy Boulevard
Suite 1900
Philadelphia, PA 19102
(p) (215) 278-9898
(f) (215) 893-3812
emeka@igwefirm.com
Attorney for Plaintiff