IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **JOSE CERDA,** | : | CIVIL ACTION |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | No. 2:22-cv-04918 |
| | : | |
| **GERALD MURPHY,** | : | |
| | : | |
| *Defendant.* | : | |
| | : | |

## MMEMORANDUM OPINION

**Goldberg, J.**                                                                                                        July 29, 2025

Defendant, Officer Gerald Murphy, of the Philadelphia Police Department filed a Motion seeking the entry of summary judgment on all of Plaintiff Jose Cerda's Fourth Amendment claims in this § 1983 action. Because no reasonable jury could find for Plaintiff given the undisputed facts, the motion shall be granted.

### I.     FACTUAL AND PROCEDURAL BACKGROUND[1]

On December 9, 2020, Plaintiff Jose Cerda called 9-1-1 to report a man with a knife at his house in Philadelphia. (Pl.'s Counter Statement of Facts, ¶¶ 3–5, ECF No. 41-4; Def.'s Statement of Facts, ¶¶ 2–4, ECF No. 38-9.) The man with the knife was Cerda himself, and he had called

---

[1] The following facts are derived from the evidence submitted by the parties. Where there is conflicting evidence about a particular fact, Federal Rule of Civil Procedure 56 requires that I view such evidence in the light most favorable to Plaintiff. Under my policies and procedures, "[t]he papers opposing a motion for summary judgment shall include as a separate exhibit a short and concise statement . . . [that] responds to the numbered paragraphs set forth in the moving party's Statement of Undisputed Facts." Policies and Procedures at 8–9, https://www.paed.uscourts.gov/judges-info/district-court-judges/mitchell-s-goldberg. Failure to dispute facts will result in those facts being deemed undisputed. Id., see also Fed. R. Civ. Pro. 56(e). I will grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it. Fed. R. Civ. Pro. 56(e).

1

police hoping that they would kill him. (Pl.'s Counter Statement of Facts, ¶ 12; Def.'s Statement of Facts, ¶ 5.) When Defendant, Officer Gerald Murphy, and other Philadelphia Police Officers arrived on scene, Plaintiff was holding a knife while walking down the stairs to the sidewalk. (Pl.'s Counter Statement of Facts, ¶ 17; Def.'s Statement of Facts, ¶ 5.) Murphy and the other officers on the scene aimed their weapons at Cerda and ordered him to drop the knife. (Pl.'s Counter Statement of Facts at ¶¶ 17, 19; Def.'s Statement of Facts, ¶ 10.) However, Cerda kept moving toward the officers, prompting them to deploy their tasers, which were ineffective in halting Cerda. (Pl.'s Counter Statement of Facts, ¶¶ 23–24; Def.'s Statement of Facts, ¶ 11.) Once in the street, Cerda ran after Murphy with the knife still in his hand while Murphy backpedaled in retreat with his service pistol aimed at Cerda. (Def.'s Statement of Facts, ¶¶ 13–14; Pl.'s Resp. to Statement of Facts, ¶¶ 13–14, ECF No. 43-1.) After retreating for sixteen seconds, Muphy discharged his firearm, striking Cerda twice in the center of his torso. (Pl.'s Counter Statement of Facts, ¶ 33; Def.'s Statement of Facts, ¶ 15.) Murphy then shot Cerda a third time which resulted in Cerda collapsing to the ground. (Pl.'s Counter Statement of Facts, ¶ 34; Def.'s Statement of Facts, ¶ 16.) While Cerda was on the ground, Murphy kicked the knife away from him and the other officers handcuffed him. (Pl.'s Counter Statement of Facts, ¶ 39.) The officers then quickly loaded Cerda into the back of a police vehicle and drove him to the nearest hospital. (Def.'s Statement of Facts, ¶ 23; Def.'s Mot. for Summ. J., Exs. C, D, E).

Cerda brought this lawsuit asserting two claims: 1) excessive use of force under 42 U.S.C. § 1983 against Murphy; and 2) a Monell claim against the City of Philadelphia. The Complaint alleges Murphy violated Cerda's Fourth Amendment rights by shooting him three times in the torso. Again, this occurred after Murphy responded, along with several other officers to a 9-1-1 call and Cerda chased him with a knife. On November 21, 2023, I granted the City of

2

Philadelphia's motion to dismiss and dismissed Cerda's Monell claim. Murphy now moves for summary judgment on the grounds that his use of force was reasonable.

## II.   LEGAL STANDARDS

Summary judgment is warranted when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). An issue is material only if it could affect the result of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict in favor of the non-moving party. Id.

A movant can establish that summary judgment is appropriate by pointing to the absence of evidence to support the non-movant's case. Celotex, 477 U.S. at 325. In response, the non-movant "must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." Berckeley Inv. Grp., Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006); Est. of Smith v. Marasco, 318 F.3d 497, 514 (3d Cir. 2003) (stating that nonmovant "must present affirmative evidence–whether direct or circumstantial–to defeat summary judgment"). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Liberty Lobby, 477 U.S. at 252.

## III.   DISCUSSION

To establish a claim under Section 1983[2] against Murphy, Cerda must demonstrate first, the violation of a right secured by the Constitution or laws of the United States and second, that

---

[2] Section 1983 provides in relevant part:

3

the alleged deprivation was caused by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). There is no dispute here that Murphy was acting under the color of state law as a uniformed officer in the Philadelphia Police Department. (Def.'s Statement of Facts, ¶ 1; Pl.'s Resp. to Statement of Facts, ¶ 1.) He contends that summary judgment is appropriate in this case because there was no violation of a constitutional right.

### A.   Reasonable Use of Force

Murphy first argues that he should be awarded summary judgment on Cerda's Section 1983 claim for use of excessive force because the force which he used against Cerda was reasonable under the circumstances. To prevail on a Fourth Amendment excessive force claim, a plaintiff must show that a seizure occurred and was unreasonable. Lamont v. New Jersey, 637 F.3d 177, 182-83 (3d Cir. 2011). The Third Circuit has repeatedly held that a seizure occurrs where deadly force is used. See Johnson v. City of Philadelphia, 837 F.3d 343, 349 (3d Cir. 2016). This leaves it up to the Court to determine whether the force that was used was reasonable under the circumstances. The use of force is reasonable when an officer "has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others." Daniels v. City of Pittsburgh, No. 22-1790, 2023 WL 2707178, *2 (3d Cir. Mar. 30, 2023) (citing Tennessee v. Garner, 471 U.S. 1, 7 (1985)). This reasonableness standard is to be assessed in "light of the totality of the circumstances," and analyzed from the perspective of a reasonable officer on

---

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory … subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

the scene rather than in hindsight, given that police officers are forced to make split-second judgments in tense and uncertain circumstances. Johnson, 837 F.3d at 350.

In Lamont, the Third Circuit ruled that the police were justified in their use of deadly force, despite the suspect not possessing a weapon, because it was reasonable for the officers to conclude that the suspect was drawing a weapon when he pulled his hand out of his waistband suddenly. See 637 F.3d at 183. Similarly, the officers in Gandy v. Millville, Civ. No. 1:20-CV-00641, 2023 WL 6232049 (D.N.J. Sept. 25, 2023), were justified in using deadly force when the suspect was running after them pointing an object that resembled a gun. As in the present case, the police there knew or had reason to know that the plaintiff was experiencing a mental health crisis. Id. As such, the Court found that because the suspect ran after the police while pointing an object that resembled a firearm, and the police had knowledge of the plaintiff's mental instability, it was reasonable for the officers to believe the suspect posed a threat of death or serious injury to the officers. Id. at *4.

Here it is undisputed that Cerda ran after Murphy with a knife in his hands that was visible to Murphy. (Def.'s Statement of Facts, ¶ 14; Pl.'s Statement of Facts ¶ 14.) With a weapon present and visible, any reasonable juror would find that there was a greater threat posed to Murphy in this case than in either Gandy or Lamont. Therefore, the undisputed facts show that it was reasonable for an officer in Murphy's shoes to believe Cerda presented a significant threat of death of serious physical injury to himself and/or the other officers.

Cerda argues that Murphy was wrong to use force when he knew or had reason to believe that he was experiencing a mental health crisis. But, if anything, the fact that Murphy may have known that Cerda was undergoing a mental health crisis may have caused the officer to believe the situation was even more dangerous than he would have otherwise thought. See Gandy, 2023 WL 6232049 at *4.

In light of the totality of the circumstances, I find that no reasonable juror could find that Defendant Murphy's use of force was unreasonable. As such, summary judgment is appropriately entered in his favor.

### B.  Qualified Immunity

Murphy next argues that summary judgment should be granted because he had qualified immunity. To determine if an officer has qualified immunity, the Court must: (1) define the right allegedly violated with a high degree of specificity; and (2) ask whether that right was clearly defined at the time of the incident. Anglemeyer v. Ammons, 92 F.4th 184, 191 (3d Cir. 2024). As determined above, no reasonable jury could find that a right was violated. It therefore follows that Murphy was also qualifiedly immune from suit.[3]

## IV.  CONCLUSION

For the reasons set forth above, Defendant Murphy's Motion for Summary Judgment is **GRANTED**.

An appropriate Order follows.

---

[3] Murphy also argues that judgment should be entered in his favor given that Cerda effectively consented to the action in question. Because I have determined that summary judgment is warranted on each of the first two arguments, I see no need to discuss the merits of the consent argument.